Elizabeth D. Tate   AZ Bar No. 32659
2953 N. 48th Street
Phoenix, AZ 85018
Telephone (602) 670-4653
E-mail: attorneyelizabethtate@yahoo.com
Fax (602) 595-5959
Attorney for Plaintiff Carlos Hernandez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Carlos Hernandez,**<br><br>Plaintiff,<br><br>v.<br>**Scottsdale Hotel Group, LLC d/b/a The Scott Resort & Spa**<br><br>**and**<br><br>**Anne Schwanz,**<br><br>Defendants. | Case #<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Carlos Hernandez, by Elizabeth D. Tate, his undersigned attorney of record, submits this Complaint for relief and Demand for Jury Trial against Defendant Scottsdale Hotel Group, LLC., pursuant to Federal Rules of Civil Procedure, Rules 7(a)(1), 8(a & d), 15(a), and 38(a & b):

## **1. Plaintiff's Six Claims**

Count One: 42 U.S.C. 1981 – Retaliation for Having Protested National Origin/Race Discrimination.

Count Two:  42 U.S.C. 2000e-2(a) – Retaliation for Having Protested National Origin/Race Discrimination

Count Three:  42 U.S.C. 2000e-2(a) – Retaliation for Having Protested Sex Discrimination

Count Four:  42 U.S.C. 1981 – Disparate Treatment based on National Origin/Race

Count Five:  42 U.S.C. 2000e-2(a) – Disparate Treatment based on Nation Origin/Race

Count Six: - Defamation

## **2. The Parties, Jurisdiction and Venue**

**1.** Plaintiff Carlos Hernandez ("Hernandez") is, and has always been material to this complaint:

(A) an adult male resident of Maricopa County, Arizona,

(B) employed by the Defendant, Scottsdale Hotel Group, LLC   at its place of business, The Scott Resort & Spa in Scottsdale, AZ; and

(C)  an "employee" of Scottsdale Hotel Group, LLC as that term is defined in 42 U.S.C. 2000e- and

(D) a person whose national origin is Mexican, and race is Hispanic

**2.** Defendant Scottsdale Hotel Group, LLC d/b/a The Scott Resort & Spa (hereinafter referred to as "The Scott") is, and has always been material to this Complaint:

(A) an Arizona corporation and LLC; and

(B) the owners and operators of The Scott & Resort & Spa providing luxury hotel suites, a banquet center & spa in Scottdale, Arizona

(C) The "employer" of Hernandez as that term is defined in 42 U.S.C. 2000e-b; and

**4.** Anne Schwanz is the Director of Banquets at The Scott who created discriminatory schedules in favor of Caucasians and uttered defamatory words against Hernandez when he protested discrimination.

**5.** All events alleged herein occurred within Maricopa County in the State of Arizona.

**6.** This Court has personal jurisdiction over the parties based upon the foregoing facts.

**7.** This Court has subject matter jurisdiction for all the claims herein, section 1 supra, because all arise from federal statutes, as provided by 28 U.S.C. 1331 and 28 U.S.C. 1343(a) (3,4). The Court has supplemental jurisdiction over Hernandez's state law claim under 28 U.S.C. 1367(a).

**8.** This District Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1,2) and 42 U.S.C. 2000e-5(f)(3).

### 3. General Fact Allegations

**9.** In December of 2017, The Scott employed Hernandez as an on-call banquet server. The Scott employs about 22 banquet servers most of whom are on-call and Hispanic. Three banquet servers are full time. Nancy Silver holds the position of Vice President of Organizational Development and

operates as The Scott's HR Department. Stephen Johnson is General Manager responsible for the over-all management of the hotel. There are 3 Banquet Captains all of whom are Caucasian.

**10.** On-call banquet servers are not guaranteed a 40-hour work week. Typically, on-call banquet servers worked 2 to 4 days per week. Most on-call banquet servers aspired to hold full time banquet server position. There are only 3 full time positions which are quite lucrative, giving full-time servers the opportunity to earn close to six-figures per year. Hernandez's former Director of Banquets, Kathy Clarke, recognized Hernandez's professionalism and exceptional work ethic. Clarke informed Hernandez of her intention to offer him to full time in September of 2019. But before Clarke could offer him full time position, for reasons unknown to Hernandez, Clarke left the employ of the Scott in July of 2019. Anne Schwanz replaced Clarke as Director of Banquets in late August of 2019.

**11.** Hernandez reported to Banquet Captain, Ken Danielson who is Caucasian. Danielson praised Hernandez's work and told him so. Danielson would make inappropriate comments to Hernandez. Danielson would call Hernandez a woman's name, "Carlitas" and "Little Carlitas" whenever he asked Hernandez to do a task. Each time Danielson referred to Hernandez by one of these names, Hernandez informed Danielson that he wanted to be called Carlos and nothing else. Danielson never acknowledged to Hernandez that he did not want to be called out of his name, nor did Danielson apologize.

**12.** In addition to this, Danielson would make sexual innuendos to Hernandez sometimes in the presence of others. Once while working on the Orangedale Patio the crew set up tables that were twisted and set up a too

long buffet. Hernandez rearranged the tables and removed one table to make the buffet set up shorter. Hernandez informed Danielson that the tables looked twisted like a boa constrictor snake, so he rearranged them. Danielson looked at Hernandez inappropriately and told Hernandez, "I have a boa for you." Hernandez immediately objected to Danielson's words telling Danielson it was sexual harassment and that did not want to be harassed. Despite Hernandez's warning, Danielson persisted in his inappropriate behavior.

**12.** On February 11, 2019, Hernandez made a formal complaint to Clarke who took the complaint to Silver. After Hernandez's complaint to Clarke and Silver, Danielson did stop making the inappropriate comments to Hernandez. Silver made Danielson apologize. But Silver still required Hernandez to work with Danielson. Obviously angry with Hernandez, Danielson ignored Hernandez and would not talk to him. Danielson refused to give Hernandez extra work hours as before. Danielson falsely informed Hernandez that the full-time employees want the afternoon hours that he had previously given to Hernandez. Danielson watched Hernandez like a hawk. Danielson accused Hernandez of taking long breaks when Hernandez had not done so. Danielson would let others take breaks but not Hernandez. Danielson checked up on Hernandez looking for any little reason to fire Hernandez. But Hernandez gave Danielson no reason to fire him. As a result of Danielson's harassing behavior, Hernandez lost opportunities to work and money but Hernandez refused to quit.

**13.** In August of 2019, Defendants hired Ann Schwanz, Caucasian, female to replace Clarke as Banquet Manager. In the first two schedules

Schwanz created  Hernandez noticed that Schwanz was giving preferential treatment to a Caucasian, on-call, female, coworker, Susan Labrasco.  Even though Labrasco was on-call, Schwanz scheduled Labrasco for significantly more shifts than Hernandez. On the second schedule Schwanz put together, she gave Labrasco a six-day work week thereby giving Labrasco more opportunities to earn money over Hernandez.

**14.** On September 5, 2019, Hernandez sent Schwanz an email asking why she assigned Labrasco a 6-day work week  when 6-day work weeks are reserved for full time employees. Hernandez informed Schwanz that he wanted the same opportunity. At first, Schwanz told Hernandez in an email response she appreciated him coming directly to her because she did not tolerate negativity. In her response, Schwanz was even "playful". Hernandez worked two more days, once on February 8 interacting directly with Schwanz and also on Wednesday February 11 in the morning. It seemed as if things were fine with Schwanz.

**15.**    On September 11, 2019, Hernandez and Alek Balensky, a Caucasian,  had a conversation during their working shift about the changes in the workplace since Schwanz started working. The shift lasted about  4 hours. Schwanz found out about the conversation and fired Hernandez for having what Schwanz called "a  negative conversation".  Schwanz did not fire Balensky even though Balensky was part of the conversation, treating Hernandez disparately because of his national origin and race. The firing took place in Silver's office with Silver present. Silver confirmed Hernandez firing. It was also then that Schwanz stated that she actually did not appreciate the email sent on September 5 and was hostile about it. Silver stated that the

email sent to Schwanz was "out of line" that Hernandez was "nobody to ask his manager anything". Hernandez was only asking for the same opportunities that were afforded to Labrasco in the email to Schwanz. Hernandez told Silver that all things in the email were factual and that Labrasco was an on-call person, but Silver denied it.

**16.** The following day on September 12, 2019, Schwanz summoned all employees she supervised to an office meeting. At this office meeting Schwanz defamed Hernandez falsely telling the Hernandez's former co-workers that Hernandez has sent her a "rude, threatening and disrespectful" email which "would not be tolerated". Hernandez September 5, 2019 was respectful and none of those false characterizations.

**17.** Schwanz defamatory statements in paragraph 16 were all knowing and malicious lies which caused harm to Hernandez's professional reputation and caused Hernandez emotional distress and worry.

**18.** As a direct and proximate result of Schwanz's reckless, unreasonable actions and oppressive tactics and the Defendants conscious disregard the substantial likelihood that harm would result, Hernandez has been injured and or damaged and Defendants are at fault.

**19.** All Schwanz's actions were made in the scope of her employment and The Scott is liable under the theory of respondent at superior.

**20.** Based upon the foregoing, Hernandez filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge 540-2019-05240.

**21.** On November 6, 2019, Hernandez requested his right to sue. The EEOC terminated its investigation into Hernandez's charge and issued its

notice of right to sue on November 20, 2019 and mailed the notice to Hernandez. A true copy of the notice is as Exhibit #1 infra and incorporated herein by reference pursuant to FRCP Rule 10(c).

**22.** Based upon the discriminatory conduct of Defendants and the harm done to Hernandez alleged herein, the Court should grant, inter alia, injunctive relief to remedy the harm done and to enjoin Defendants from engaging in such unlawful discrimination in the future.

### 4. Demand for Jury Trial

Plaintiff Hernandez demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, FRCP Rule 38(a, b), and 42 U.S.C. 1981a(c).

### 5. Relief Requested

Based upon the foregoing, Plaintiff Hernandez requests judgment and orders granting him the following relief against Defendants:

### Count One: 42 U.S.C. 1981 – Retaliation for Having Protested National Origin/Race Discrimination

1. Compensatory and general damages in an amount to be determined by the trier-of-fact
2. Punitive damages in an amount to be determined by the trier of fact
3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Hernandez.

4. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b)(c), FRCP Rule 54(d)(2), and LRCiv Rule 54.2.

5. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)(1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

### Count Two:  42 U.S.C. 2000e-2(a) – Retaliation for Having Protested National Origin/Race Discrimination

1. Compensatory damages
2. Punitive damages
3. Injunctive relief, including, inter alia, back pay and reinstatement
4. Reasonable attorney's fees and expert fees, pursuant to 42 U.S.C. 2000e-5(k), FRCP Rule 54(d)(2), and LRCiv 54.2
5. Taxable costs pursuant to FRCP Rule 54(d)1, LRCiv 54.1, and 28 U.S.C 1920

### Count Three:  42 U.S.C. 2000e-2(a) – Retaliation for Having Protested Sex Discrimination

1. Compensatory damages
2. Punitive damages
3. Injunctive relief, including, inter alia, back pay and reinstatement
4. Reasonable attorney's fees and expert fees, pursuant to 42 U.S.C. 2000e-5(k), FRCP Rule 54(d)(2), and LRCiv 54.2
5. Taxable costs pursuant to FRCP Rule 54(d)1, LRCiv 54.1, and 28 U.S.C 1920

**Count Four:  42 U.S.C. 1981 – Disparate Treatment based on National Origin/Race**

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. Injunctive relief including, inter alia, actions to enjoin and prevent future race discrimination, and to remedy harm done to Hernandez.

4. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b)(c), FRCP Rule 54(d)(2), and LRCiv Rule 54.2.

5.  His taxable costs incurred herein, pursuant to FRCP Rule 54(d)(1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

**Count Five:  42 U.S.C. 2000e-2(a) – Disparate Treatment based on Nation Origin/Race**

1.  Compensatory damages

2.  Punitive damages

3.  Injunctive relief, including, inter alia, back pay and reinstatement

4.  Reasonable attorney's fees and expert fees, pursuant to 42 U.S.C. 2000e-5(k), FRCP Rule 54(d)(2), and LRCiv 54.2

5.  Taxable costs pursuant to FRCP Rule 54(d)1, LRCiv 54.1, and 28 U.S.C 1920

**Count Six: - Defamation against Anne Schwanz and The Scott only**

1. General and Compensatory damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier-of-fact

3. His taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

Respectfully submitted this 15th day of February, 2020.

s/Elizabeth D. Tate
Elizabeth D. Tate

## Attached Exhibits

**1.** EEOC charge # 540-2019-05240

**2.** Notice of right to sue for EEOC charge #540-2019-05240