**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Hernandez, | No. CV-20-00349-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Scottsdale Hotel Group LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for extension of time. (Doc. 14.) For the following reasons, the motion will be granted.

## BACKGROUND

On February 17, 2020, Plaintiff initiated this action. (Doc. 1.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to serve Defendants was May 18, 2020. The Court issued its standard preliminary order, which ordered the Clerk of Court to terminate any Defendant not served by that date. (Doc. 6 at 5.)

On March 24, 2020, Defendant Anne Schwanz filed a motion for extension of time to respond to the complaint. (Doc. 7.) The motion was granted and the deadline extended to April 14, 2020 (Doc. 8), on which date Schwanz filed a motion to dismiss for failure to state a claim (Doc. 9).

On June 1, 2020, the Clerk of Court terminated Defendant Scottsdale Hotel Group LLC ("the Scott") for failure to timely serve process, pursuant to the Court's preliminary order. (Doc. 12.)

That same day, Plaintiff filed a motion for extension of time to serve process on the Scott. (Doc. 14.) The two-page motion contains two back-to-back contradictory statements: (1) "Plaintiff did serve the Scott within the prescribed time frame issued by the court but inadvertently failed to file his return of service with the Court which may be excused as excusable neglect" (*id.* ¶ 2) and (2) "Plaintiff's process server never served the Scott as requested. Plaintiff did not catch this oversight until the Court's minute order" (*id.* ¶ 3.) Plaintiff attached an email from Plaintiff's counsel to a process server, dated February 21, 2020, with the subject line "Please serve Hernandez v. Scott Hotel Group, LLC," the body text "Please serve," and six PDF attachments that appear from the document names to be the appropriate materials for service of process. (Doc. 14-1.)

On June 5, 2020, Defendants filed a response to Plaintiff's motion for extension of time to serve. (Doc. 16.) Defendants point out the contradictory assertions in Plaintiff's motion, noted above, and further state that Defendant Schwanz's counsel notified Plaintiff's counsel in March 2020 that the Scott hadn't been served:

> After Plaintiff served Ms. Schwanz with the summons and complaint in March 2020, her counsel sent Plaintiff's counsel an email on March 24, 2020 requesting a short extension to file Ms. Schwanz's responsive pleading, which also specifically noted: "I don't believe The Scott has been served yet." Plaintiff's counsel agreed to the extension, but did not respond to the service issue or claim that The Scott had been served.

(*Id*. at 2.)

Plaintiff did not file a reply.

On June 17, 2020, the Court ordered Plaintiff to file a reply. (Doc. 17.)

On June 22, 2020, Plaintiff filed a reply. (Doc. 18.)

### ANALYSIS

"Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). "[A]n attorney's inadvertence does not qualify as good cause under Federal Rule of Civil Procedure 4(j) for failure to comply with the requirements for service of process." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th

Cir. 1994), *as amended on denial of reh'g* (Apr. 8, 1994). There has been no showing of good cause here.

The second avenue for relief is "discretionary." *Lemoge*, 587 F.3d at 1198. "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.*

Courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 365 (1993). Additionally, where a motion "(1) seeks to set aside a dismissal that arises from noncompliance with Rule 4(m), (2) the movants cannot re-file their action because the statute of limitations has run, and (3) there is no or only slight prejudice to the opposing party if relief is granted, the district court should consider, and give appropriate weight to, the movants' prejudice if relief is denied." *Lemoge*, 587 F.3d at 1195.

Excusable neglect is not a terribly exacting standard, and it can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Pursuant to Rule 4(l)(1), an attorney should procure written documentation of service and then file the proof of service with the Court. Plaintiff's counsel's failure to do this—or even to notice that service was not accomplished—coupled with her failure to remedy the lack of service when opposing counsel pointed it out in the March email, stretches the boundaries of neglect that can be termed "excusable." Moreover, Plaintiff initially passed on the opportunity to file a reply brief, in which Plaintiff might have clarified the contradictory statements in his motion and provided more insight as to how or why Plaintiff remained ignorant of the failure to serve, even after opposing counsel mentioned it in the March email. And then, after the Court ordered Plaintiff to file a reply, Plaintiff's reply, which was four paragraphs in length, failed to address two of the issues the Court ordered

Plaintiff to address—"the reason Plaintiff's counsel did not rectify the lack of service after opposing counsel pointed it out" and "the reason the motion asserts that 'Plaintiff did serve the Scott within the prescribed time frame' (Doc. 14 ¶ 2), which does not appear to be true and is contradicted by the assertion that 'Plaintiff's process server never served the Scott as requested.'" (Doc. 17.)

Plaintiff did, however, assert that "the current pandemic played a role in Plaintiff's counsel's failure to serve," as "Plaintiff's counsel's office closed and had to be moved," and Plaintiff's counsel "laid off her assistant," who as since "been called back to work." (Doc. 18 at 2.) Plaintiff further asserts that he "would [be] extremely prejudiced" if the action were dismissed without prejudice, as his Title VII claims "would be lost." (*Id.*)

This is a close call. The pandemic has caused great disruption across the globe, and it's understandable that in the tumult of Plaintiff's counsel closing and moving her office and laying off and then rehiring her assistant, she failed to follow up on her instruction to the process server to serve the Scott and forgot to take the step of filing proof of service (at which point, she would have noticed the omission). It's somewhat less understandable that Plaintiff's counsel did not notice the error when it was pointed out by opposing counsel. And Plaintiff has made no effort to explain the contradictory statements in his motion. Although the contradiction in the motion is more likely attributable to hasty and careless drafting than a bad faith motive, Plaintiff's failure to clear the air leaves the Court with little to go on. And the reply ordered by the Court disregards part of the Court's order.

On the other hand, the delay was not lengthy, prejudice to the opposing party is minimal, and prejudice to Plaintiff if the action were dismissed is great. Plaintiff filed proof that service on the Scott was effected on June 2, 2020—a mere 15 days after the service deadline. (Doc. 15.) While Plaintiff's counsel's failures stretch the boundary of what could be deemed excusable neglect, the pandemic is an unusually disruptive circumstance that warrants leniency.

"[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones*, 116 F.3d at 381. Under the

circumstances, the Court will grant relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for extension of time (Doc. 14) is granted. Service of the Scott is deemed effective.

**IT IS FURTHER ORDERED** that the Clerk of Court reinstate the Scott (Scottsdale Hotel Group LLC). The June 1, 2020 order terminating the Scott (Doc. 12) is vacated.

Dated this 23rd day of June, 2020.

Dominic W. Lanza
United States District Judge